IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| United States of America | ) | |
|---|---|---|
| | ) | Cr. No. 7:04-27-HMH |
| vs. | ) | C.A. No. 7:06-1241-HMH |
| | ) | |
| Kenneth Lee Brown, | ) | **OPINION AND ORDER** |
| | ) | |
| Movant. | ) | |

This matter is before the court on Kenneth Lee Brown's ("Brown") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. After a thorough review of the facts and pertinent law, the court summarily dismisses Brown's § 2255 motion.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On July 29, 2004, Brown was found guilty by a jury of two counts of armed bank robbery pursuant to 18 U.S.C. § 2113(a) & (d) and two counts of using or carrying a firearm during and in relation to a crime of violence pursuant to 18 U.S.C. § 924(c). John Elliott ("Elliott") represented Brown at trial and sentencing. On September 27, 2004, Brown was sentenced to seven hundred forty-six (746) months' imprisonment. Brown appealed his conviction and sentence. On November 2, 2005, the United States Court of Appeals for the Fourth Circuit affirmed Brown's conviction and sentence. See United States v. Brown, No. 04-4871, 2005 WL 2871913, at *1 (4th Cir. Nov. 2, 2005) (unpublished). The United States Supreme Court denied Brown's request for a writ of certiorari on February 27, 2006. See Brown v. United States, 126 S. Ct. 1447 (U.S. 2006). Brown filed the instant § 2255 motion on April 21, 2006.[1]

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

In his § 2255 motion, Brown raises the following claims: (1) the court violated Brown's Sixth Amendment right to counsel by denying him the right to discharge Elliott; (2) Elliott was constitutionally ineffective for failing to file a motion to suppress, to investigate Brown's case, to call witnesses, and to timely object to the jury charge instruction and the constructive amendment of the indictment; (3) Brown is actually innocent of the crimes for which he was convicted; (4) the court violated Brown's right to due process and equal protection by conducting an ex parte communication without the presence of defense counsel; (5) the court constructively amended the indictment, violating Brown's due process and equal protection rights; (6) the Government committed prosecutorial misconduct; (7) the court erred in giving the jury a charge pursuant to Allen v. United States, 164 U.S. 492 (1896); (8) Brown was convicted based on circumstantial and insufficient evidence, in violation of his Sixth Amendment rights; (9) Brown "was actually prejudiced by being sentenced under the mandatory guidelines regime including [sic] sentenced as a career offender in violation of the Sixth Amendment;" and (10) the court violated Brown's due process rights by not conducting Brown's trial in the district where the crimes occurred. (Brown's Mem. Supp. § 2255 Mot. 1-30.) The court will address each of Brown alleged grounds for relief below.

## II. Discussion of the Law

### A. Claims Argued on Direct Appeal

Three of the claims Brown alleges in the instant motion were also raised on direct appeal: (1) that the court violated Brown's Sixth Amendment right to counsel by denying Brown the right to discharge Elliott; (2) that the court erred in giving an Allen charge to the jury; and (3) that the court erred in sentencing Brown pursuant to a mandatory sentencing guideline regime,

including sentencing him as a career offender. (Brown's Mem. Supp. § 2255 Mot. 2-9, 20-23, 26-29.) Brown cannot relitigate issues on collateral review that have already been decided by the Fourth Circuit. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976). With respect to Brown's claim concerning his dissatisfaction with Elliott, the Fourth Circuit held that the court "did not abuse its discretion in proceeding with Brown's trial in the face" of Brown's claims that "he was not prepared for trial and was not satisfied with his attorney." Brown, 2005 WL 2871913, at *1. Further, the Fourth Circuit found that the Allen charge was proper. Id. Moreover, the Fourth Circuit held that the determination of Brown's "status as a career offender does not offend the Sixth Amendment," and a review of the sentencing transcript revealed no prejudice to Brown. Id. Therefore, these arguments are without merit.

### B. Ineffective Assistance of Counsel

Brown argues that Elliott was constitutionally ineffective for failing to file a motion to suppress, to investigate his case, to call witnesses, and to timely object to the jury charge instruction and the constructive amendment of the indictment. (Brown's Mem. Supp. § 2255 Mot. 2-9.) In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Brown must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. With respect to the second prong, Brown must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

As to Brown's allegations of ineffective assistance of counsel, he fails to explain which witnesses Elliott failed to call or to which alleged errors in the jury charge Elliott failed to object. In addition, other than arguing that he is innocent, Brown does not explain what further investigation Elliott should have done or what Elliott should have moved to suppress from evidence. These conclusory allegations fail to show that Elliott acted in an objectively unreasonable manner at trial with respect to his decisions concerning investigating the case, calling witnesses, and objecting to errors, and there is no showing of how any of the unnamed witnesses or alleged errors prejudiced Brown. As such, these claims are without merit and warrant no further consideration.

With respect to Brown's argument that Elliott failed to timely object to the constructive amendment of his indictment, this argument is also without merit. Brown alleges that Elliott left the courtroom, and while he was gone, the court amended the indictment. (Brown's Mem. Supp. § 2255 Mot. 7-9.) After the court charged the jury, but prior to the court's recess, the following exchange occurred:

> The Court:     On behalf of the Government, any exceptions or objections?
> Ms. Howard:    Um, Your Honor, we had submitted a proposed charge on post offense use of false identification to the Court.
> The Court:     I determined not to use that.
> Ms. Howard:    Okay.
> Mr. Elliottt:  None from the defense, Judge. Thank you.
> The Court:     Okay, Well, I'll hand the verdict form and the –
> Ms. Howard:    The only other thing is if I could review the verdict form?
> The Court:     Sure.
> . . . .
> Ms. Howard:    Judge, My only concern on 2 and 4 is whether or not the jury should find a discharge as an enhancement.
> The Court:     That's an enhancement.
> Ms. Howard:    Yes, sir.
> The Court:     I wish you had requested that. Was it discharged in both of them?

>    Ms. Howard:    Yes, sir. Judge, I don't know how *Blakely* is going to effect this, and it wasn't submitted to a grand jury to find that anyway, we could just let it go like this because - - -
>    The Court:    Well, I don't mind adding it on there. I think it is.

(Jury Charge Tr. 12-14.) The following was added to the jury verdict form:

>    If you find the defendant, Kenneth Lee Brown, guilty of Count Two, do you unanimously find that the defendant discharged a firearm:  Yes ____   No ____
>
>    If you find the defendant, Kenneth Lee Brown, guilty of Count Four, do you unanimously find that the defendant discharged a firearm:  Yes ____   No ____

(Verdict 2.) The jury responded affirmatively to both questions.

These special interrogatories were added to the jury verdict form in light of Blakely v. Washington, 542 U.S. 296, 303-04 (2004), in which the United States Supreme Court held that Washington State's mandatory sentencing guidelines violated the Sixth Amendment right to a jury trial because all facts supporting sentencing enhancements must be admitted by the defendant or be determined by the jury beyond a reasonable doubt. Blakely cast doubt on the constitutionality of the United States Sentencing Guidelines ("U.S.S.G."), but specifically did not address the U.S.S.G. Id. at 305 n.9.[2]

Brown was charged with two counts under of using a dangerous weapon during the commission of a crime of violence in violation of 18 U.S.C. § 924(c). The jury found him guilty on both counts. Under 18 U.S.C. § 924(c)(1)(A)(iii), if a person, during and in relation to a

---

[2]Subsequent to Brown's trial and sentencing, the United States Supreme Court held in United States v. Booker, 543 U.S. 220, 258-59 (2005), that the application of the U.S.S.G. was advisory, not mandatory, because mandatory guidelines violated the Sixth Amendment right to have all facts decided by a jury beyond a reasonable doubt. "When the guidelines are applied as advisory, the court need only make factual findings by a preponderance of the evidence." United States v. Williams, No. 05-4750, 2006 WL 889568, at *1 (4th Cir. Apr. 5, 2006) (unpublished); see also United States v. Gray, 362 F. Supp. 2d 714, 722 (S.D. W. Va. 2005).

crime of violence, discharges a weapon, the minimum sentence is "not less than ten years." U.S.S.G. § 2K2.4(b) (2003) provides that "if the defendant, . . . , was convicted of violating section 924(c) . . . the guideline sentence is the minimum term of imprisonment required by statute."

By sending the special interrogatories concerning discharge of a firearm to the jury, the court did not constructively amend the indictment. "An indictment must set forth each element of the crime that it charges. But it need not set forth factors relevant only to the sentencing of an offender found guilty of the charged crime." Almendarez-Torres v. United States, 523 U.S. 224, 228 (1998) (internal citation omitted); see also Harris v. United States, 536 U.S. 545, 556 (2002) (holding that discharging a firearm is a "sentencing factor[] to be found by the judge, not offense elements to be found by the jury"). The special interrogatories dealt with a statutory sentencing factor. Therefore, discharge of a firearm did not need to be set forth in the indictment, and no amendment to the indictment occurred.

Furthermore, the jury found beyond a reasonable doubt that Brown discharged a firearm during the commission of the bank robberies. As such, any argument that Brown's sentencing enhancement for discharge of a firearm violates the Sixth Amendment pursuant to Booker, 543 U.S. at 258-59, is without merit.

In turn, Brown's argument that Elliott was constitutionally ineffective for leaving the courtroom and failing to object to the constructive amendment of his indictment fails. The court did not constructively amend the indictment, and there is no evidence that Elliott was absent from the courtroom when the foregoing exchange occurred. Moreover, the statutory enhancement of Brown's sentence pursuant to § 924(c)(1)(A)(iii) did not violate the Sixth

Amendment so Brown cannot show that he was prejudiced by the court's submission of the special interrogatories to the jury. Based on the foregoing, Elliott's conduct was not objectively unreasonable, and further, even if Elliott was not present, Brown has not been prejudiced. Therefore, this argument fails.

### C. Constructive Amendment of Indictment and Ex Parte Communication

Brown argues that the court and the Government constructively amended the indictment in violation of Brown's due process and equal protection rights. (Brown's Mem. Supp. § 2255 Mot. 13-18.) This argument is without merit for the reasons set forth in section B. In addition, Brown's allegation that the court violated his due process and equal protection rights by engaging in an ex parte communication also fails. (Id. 10-12.) Brown submits that Elliott was not present in the courtroom when the exchange quoted above occurred. (Id. 11.) Brown admits that he was present in the courtroom when the communication occurred, however. (Id. 7.) Further, the communication occurred on the record, and a review of the transcript shows that it occurred before the court recessed. (Jury Charge Tr. 12-14.) Other than Brown's allegation, there is no evidence that Elliott was not present during the discussion about the jury verdict form. Moreover, Brown's argument that he was prejudiced by this communication because the indictment was amended fails, as the court did not constructively amend the indictment. As such, Brown's claims concerning constructive amendment of the indictment and ex parte communication are without merit.

### D. Prosecutorial Misconduct

Brown argues that the Government committed prosecutorial misconduct by enhancing the indictment, making prejudicial remarks during summation, engaging in racial discrimination, tampering with evidence, and inquiring into Brown's prior convictions. (Brown's Mem. Supp. § 2255 Mot. 18-20.) For the reasons discussed above, the Government did not amend the indictment to enhance the severity of the charges against Brown. Moreover, there is no basis for Brown's conclusory arguments. As such, Brown's claim of prosecutorial misconduct fails.

### E. Actual Innocence and Circumstantial evidence

Brown alleges that the errors of the court, Government, and Elliott discussed above resulted in his conviction when he is actually innocent of the crimes for which he was convicted. (Brown's Mem. Supp. § 2255 Mot. 9-10.) However, this claim fails because, as set forth above, the court did not commit any errors, the Government did not engage in prosecutorial misconduct, and Elliott's representation of Brown was not constitutionally ineffective.

In addition, Brown's claim that his conviction cannot stand because it was based on circumstantial evidence is baseless. (Id. 23-26.) "It is well-established that circumstantial evidence alone can be sufficient to support any burden of proof, even where, as in a matter of substantive criminal liability, the prosecution's proof must be beyond a reasonable doubt." United States v. Jones, 31 F.3d 1304, 1316 (4th Cir. 1994). The jury found Brown guilty of the crimes charged beyond a reasonable doubt. Therefore, Brown's claims of actual innocence and insufficiency of circumstantial evidence are without merit.

### F. Venue

Lastly, Brown complains that the court violated his due process rights by not conducting his trial in the district where the crimes occurred. (Brown's Mem. Supp. § 2255 Mot. 29.) Rule 18 of the Federal Rules of Criminal Procedure provides that "[u]nless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed." Fed. R. Cr. P. 18. The bank robberies occurred in Spartanburg, South Carolina, which is within the jurisdiction of the United States District Court for the District of South Carolina. Brown's trial occurred in the Greenville, South Carolina, which is within the District of South Carolina. As such, the trial occurred within the district where the crimes occurred. Therefore, this claim is without merit.

It is therefore

**ORDERED** that Brown's § 2255 motion is summarily dismissed. It is further

**ORDERED** that Brown's motion for application to proceed without prepayment of fees is denied as moot.

**IT IS SO ORDERED**.

                                                s/Henry M. Herlong, Jr.
                                                United States District Judge

Greenville, South Carolina
May 1, 2006

### NOTICE OF RIGHT TO APPEAL

The movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.